Dismissed and Memorandum Opinion filed December 9, 2004









Dismissed and Memorandum Opinion filed December 9,
2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-01064-CV

____________

 

RAYLEE GILSTRAP,
Appellant

 

V.

 

JASON CALLEY,
Appellee

 



 

On Appeal from the
405th District Court

Galveston County,
Texas

Trial Court Cause No.
01CV1010

 



 

M E M O R A N D U M   O P I N I O N

This is an attempted appeal from a judgment, signed June 11,
2003.  No motion for new trial was
filed.  Appellant=s notice of appeal was filed on
October 4, 2004.

The notice of appeal must be filed within thirty days after
the judgment is signed when appellant has not filed a timely motion for new
trial, motion to modify the judgment, motion to reinstate, or request for
findings of fact and conclusion of law.  See
Tex. R. App. P. 26.1








Appellant=s notice of appeal was not filed timely. A motion for
extension of time is necessarily implied when an appellant, acting in good
faith, files a notice of appeal beyond the time allowed by rule 26.1, but
within the fifteen-day grace period provided by Rule 26.3 for filing a motion
for extension of time.  See Verburgt
v. Dorner, 959 S.W.2d 615, 617-18 9 (1997) (construing the predecessor to
Rule 26).  However, the appellant must
offer a reasonable explanation for failing to file the notice of appeal in a
timely manner.  See Tex. R. App. P. 26.3, 10.5(b)(1)(C); Verburgt,
959 S.W.2d at 617-18.  Appellant=s notice of appeal was not filed
within the fifteen-day period provided by Rule 26.3

On November 4, 2004, notification was transmitted to all
parties of the Court=s intent to dismiss the appeal for want of jurisdiction.  See Tex.
R. App. P. 42.3(a).  Appellant
filed a response, claiming that he was never apprised of entry of final
judgment.  Because appellant filed a
notice of appeal, he did, at some point, become aware of entry of final
judgment.  If appellant did not receive
timely notice of the trial court judgment, he could have extended the deadlines
for appeal by following the procedures set out in Tex. R. Civ. P. 306a(4)-(5). 
Pro se litigants are held to the same standards as licensed attorneys,
and therefore they must comply with all applicable Rules of procedure.  Mansfield State Bank v. Cohn, 573
S.W.2d 181, 184‑85 (Tex. 1978) (holding that litigants who represent
themselves must comply with procedures established by Rules notwithstanding
fact that they are not licensed attorneys). 
Because appellant failed to follow the procedures for establishing late
notice of the judgment, the deadline for perfecting the appeal was not
extended.   We find that appellant=s response to our notice regarding
the untimely notice of appeal fails to demonstrate that this Court has
jurisdiction to entertain the appeal.

Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed December 9, 2004.

Panel consists of Justices
Anderson, Hudson, and Frost.